UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NANCY KING,

                            Petitioner/Plaintiff,

v.                                                    CASE NO. 06-10574
                                                      HON.  ARTHUR J. TARNOW
SUSAN DAVIS, BARBARA SAMPSON,
JAMES ATTERBURY, MIGUEL BERRIOS,
STEPHEN DEBOER, ARTINA TINSLEY HARDMAN,
DAVID KLEINHARST, ANTHONY KING,
MARIANNE SAMPER, and
LAURIN ROBERTS THOMAS,

                            Respondents/Defendants.
_____/

## ORDER DENYING THE DEFENDANTS' MOTION TO DISMISS

**I.  Introduction**

        This matter is pending before the Court on the defendants' motion to dismiss plaintiff

Nancy King's claim for a declaratory judgment.  Plaintiff has been convicted of twenty-one

counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a), and one

count of child cruelty, Mich. Comp. Laws § 750.136.  The convictions arose from charges that

Plaintiff sexually abused her youngest son, who was less than thirteen years of age at the time.

The remaining issue in this hybrid habeas corpus/civil rights action is whether members of the

Michigan Parole Board ("the defendants") violated Plaintiff's constitutional rights when they

denied her request for release on parole.  Oral arguments were held on this issue on March 6,

2009.

        Plaintiff alleges that the defendants refuse to provide her with sex offender therapy

because she declines to admit that she is guilty of the crimes for which she has been convicted.

*King v. Davis, et al.*, No. 06-10574

Without the therapy, alleges Plaintiff, the defendants will not release her on parole.  Plaintiff

argues that the denial of parole violates her First Amendment right to freedom of speech and her

Fifth Amendment right not to incriminate herself.

The defendants argue in their pending motion to dismiss that Plaintiff has failed to state a

claim for which relief may be granted, because she has no protected liberty interest in parole.

The defendants contend that Plaintiff's First Amendment claim lacks merit, because she is free to

profess her innocence and is in custody because of her conviction and sentence of twenty to forty

years, not her speech.  The defendants assert that, even if they infringed on Plaintiff's right to

freedom of speech, they have a legitimate penological interest in doing so and that penological

interest survives First Amendment scrutiny.

The defendants allege that Plaintiff's Fifth Amendment claim lacks merit, because there

is only a remote or speculative possibility that an admission of guilt would incriminate Plaintiff

in future criminal proceedings.  The defendants contend that Plaintiff's refusal to admit guilt

does not violate the Fifth Amendment because they are not extending her term of incarceration,

nor automatically depriving her of consideration for parole.

## II.  Discussion

### A.  Standard

The Court of Appeals for the Sixth Circuit recently explained that

> [a]n action may be dismissed if the complaint fails to state a claim upon which relief can be granted.  Federal Civil Rule 12(b)(6).  The moving party has the burden of proving that no claim exists.  Although a complaint is to be liberally construed, it is still necessary that the complaint contain more than bare assertions

2

*King v. Davis, et al.*, No. 06-10574

> or legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.
> 1993) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th
> Cir. 1988)).  All factual allegations in the complaint must be presumed to be true,
> and reasonable inferences must be made in favor of the non-moving party.  *Great
> Lakes Steel v. Deggendorf*,  716 F.2d 1101, 1105 (6th Cir. 1983); 2 Moore's
> Federal Practice § 12.34[1][b] (Matthew Bender 3d ed. 2003).  The court need
> not, however, accept unwarranted factual inferences.  *Morgan v. Church's Fried
> Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  To survive a motion to dismiss, the
> complaint must present "enough facts to state a claim to relief that is plausible on
> its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974,
> 167 L. Ed. 2d 929 (2007).

*Total Benefits Planning Agency, Inc., v. Anthem Blue Cross and Blue Shield,* 552 F.3d 430, 434

(6th Cir. 2008).

### B. Application

#### 1. The First Amendment

As noted, Plaintiff alleges that the defendants decline to provide her with sex offender

therapy, which she needs to become eligible for parole, because she refuses to admit that she is

guilty of the crimes for which she has been convicted.  Counsel for the defendants stated at oral

arguments that he was not aware of a blanket policy that prohibits the granting of parole as a

result of an inmate's refusal to admit guilt.  Plaintiff, however, relies on an e-mail message

written by defendant Barbara S. Sampson on May 19, 2008.  The message, which was sent to

former parole board member John Rubitschun, states that Plaintiff's eighteen-month continuance

in July of 2007 "was premised on her absolute denial of any involvement in the crime."  The

memo goes on to say:

> She [Plaintiff] is required to take sex offender therapy.  As of the interview date,
> this requirement was still outstanding.  File review indicates that her failure to
> take responsibility for her behavior has been a barrier to admission.  Her failure to

*King v. Davis, et al.*, No. 06-10574

complete sex offender therapy is a barrier to her release.  File reflects good adjustment and good program involvement.

Plaintiff's ex. A.

Plaintiff's First Amendment claim has arguable merit because, according to defendant Sampson's e-mail message, it is Plaintiff's insistence on her innocence, which bars her admission to sex offender therapy, and the failure to complete therapy prevents her release on parole.  While a voluntary decision to participate in a sex offender program and to comply with a disclosure requirement may not rise to constitutional infirmity simply because of unpleasant consequences, *see Wolfe v. Pennsylvania Dep't of Corr.*, 334 F. Supp.2d 762, 773 (E.D. Pa. 2004), an argument could be made that, having to admit guilt in order to participate in sex offender therapy is not a voluntary decision, given the consequences of not doing so.

The Court recognizes that there is no constitutional right to release on parole, *Greenholtz v. Inmates of the Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979), and that inmates retain only those First Amendment rights that are not inconsistent with "legitimate penological objectives."  *Turner v. Safley*, 482 U.S. 78, 89 (1987).  However, the defendants may not condition a benefit on the waiver of constitutionally protected rights, *Perry v. Sindermann*, 408 U.S. 593, 597 (1972), and a false admission of guilt surely would not facilitate the penological goal of rehabilitation.  Moreover, there is some disagreement as to whether an inmate's admission of guilt leads to rehabilitation. Although the Supreme Court has stated that "[a]cceptance of responsibility is the beginning of rehabilitation," *McKune v. Lile*, 536 U.S. 24, 47 (2002), the Criminal Law Section of the State Bar of Michigan has taken the position that a "prisoner's assertion of innocence should not, standing alone, be a basis for denying parole,"

4

*King v. Davis, et al.*, No. 06-10574

because "[t]here is not objective verifiable evidence that an 'assertion of innocence' by an inmate increases the likelihood of recidivism."  State Bar of Michigan Public Policy Update, Vol. 6, Issue 47 (Nov. 17-23, 2008).

### 2.  The Fifth Amendment

Plaintiff also has stated an arguable claim under the Fifth Amendment.  There is no statute of limitations for first-degree criminal sexual conduct, *see* Mich. Comp. Laws § 767.24(1), and there were allegations at Plaintiff's trial that she sexually abused more children than just the complaining witness.  The defendants have not extended immunity to Plaintiff for any admissions that she makes during therapy.  Therefore, any admissions that Plaintiff might make during sex offender therapy could result in new charges of criminal sexual conduct being levied against her.  Or, if Plaintiff prevails on appeal from this Court's decision on her other claims, her admissions in therapy could be used against her at a new trial.  The risk of incriminating herself by admitting guilt is a "real danger," not "a remote and speculative possibility" of prosecution.  *Zicarelli v. New Jersey State Comm'n of Investigation*, 406 U.S. 472, 478 (1972); *In re Morganroth*, 718 F.2d 161, 167 (6th Cir. 1983).

A plurality of Supreme Court justices held in *McKune* that, requiring an inmate to disclose his past sexual activities and to admit responsibility for a sex crime did not amount to unconstitutional compulsion where the failure to disclose and to admit responsibility could result in a transfer to a less desirable housing unit and the loss of privileges.  *See McKune*, 536 U.S. at 35.  Justice Sandra Day O'Connor, however, stated in a concurring opinion that certain penalties, such as longer incarceration and execution, were "far greater than those [the Supreme Court has]

5

*King v. Davis, et al.*, No. 06-10574

already held to constitute unconstitutional compulsion" and that "the imposition of such outcomes as a penalty for refusing to incriminate oneself would surely implicate a 'liberty interest.'" *Id*. at 52. Justice O'Connor's opinion is the holding of *McKune*, because it is the "position taken by those Members [of the Supreme Court] who concurred in the judgment[] on the narrowest grounds." *Marks v. United States*, 430 U.S. 188, 193 (1977).

## III. Conclusion

Plaintiff has alleged enough facts to state a plausible claim that the defendants have conditioned parole on a waiver of her constitutional right to freedom of speech and her right not to incriminate herself. Accordingly, the defendants' motion to dismiss [Dkt. 42] is **DENIED** without prejudice. Th request for attorney fees and sanctions likewise is **DENIED**.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: March 11, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 11, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

6